31520. STEWART *v.* WEATHERFORD *et al.*

Decided April 7, 1947.

*James H. Dodgen,* for plaintiff in error.

BROYLES, C. J. (After stating the foregoing facts.) The only question here presented is whether under the above-mentioned act and its amendments can a tenant bring a suit against his landlord to recover overpaid rent, within one year. from the date of such overpayment, *where no action to recover damages from the landlord because of the overpayment of rent has been instituted by the Price Administrator.* The defendant contends that a tenant can not maintain such an action unless it is brought within 30 days from the date of the rent overpayment, and she cites two cases to sustain that contention. Those cases are Porter *v.* Warner Holding Co., 328 U. S. 395 (66 Sup. Ct. 1086), and Bowles *v.* Glick Bros. Lumber Co., 146 Fed. 2d, 566. In the Porter case the suit was not brought by the tenant but was instituted by the Price Administrator and was an action to enjoin the landlord from violating the Emergency Act and to require it to make restitution of the rent overcharges. Furthermore, that action was brought under section 205 (a) of the Emergency Act, whereas the instant suit was instituted under section 205 (e) of the act. There is no ruling in the Porter case that a tenant can not bring an action under section 205 (e) of the act unless it is instituted within 30 days from the date of the rent overcharges. The ruling in that case, quoted in the brief of the plaintiff in error, was made in the dissenting opinion of Justice Rutledge. In the Bowles case, supra, the action was instituted by the Price Administrator under section 205 (e) of the

Emergency Price Control Act to recover treble the amount of prices charged in excess of maximum prices permissible for lumber. The court there (p. 568), said: "Section 205 (e) of the 1942 Act, so far as here pertinent, reads: 'If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, which ever is the greater, plus reasonable attorney's fees and costs as determined by the court. . . If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States. . . One who buys for use or consumption other than in the course of trade or business—the ordinary non-commercial consumer— . . is the only member of the buying public empowered under § 205 (e) to bring suit for treble damages. In all other cases the right vests in the Administrator for the use and benefit of the Nation as a whole.'" There is no ruling in that case contrary to our ruling in this case. It is true that, after the decision in the Bowles case, subsection 205 (e) of the act was amended to provide as follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, *the person who buys such commodity for use or consumption other than in the course of trade or business may within one year from the date of the occurrence of the violation,* except as herein provided, *bring an action against the seller on account of the overcharge* [italics ours]. . . For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled

for any reason to bring the action, the Administrator *may* [italics ours] institute such action on behalf of the United States within such one-year period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any court of competent jurisdiction." 50 U. S. C. A. § 925 (e).

It clearly appears from the above-quoted provisions that the Administrator *may* bring such an action as the one instituted in this case where the tenant fails to bring such a suit within 30 days after the date of the violation by the landlord, and that if the Administrator does bring the suit, then the tenant is thereafter barred from instituting an action for the same violation. It is also equally apparent from such provisions that a tenant can bring such an action against his landlord within one year after the date of the violation, *where,* as in this case, *the Administrator had never instituted an action for the same violation.*

In our opinion the petition was not subject to the general demurrer and the court properly so ruled.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*